UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
YALE SHIPPING COMPANY LIMITED,

           Plaintiff,

- against -

MARWARD SHIPPING COMPANY LIMITED,
LUMAR (ODESSA) S.A., and LUMAR BARCELONA
SUCURSAL EN ESPANA,

           Defendants.
------------------------------------------------------------------X

07 CV 5447

ECF CASE

JUN 0 8 2007

## VERIFIED COMPLAINT

Plaintiff, YALE SHIPPING COMPANY LIMITED (hereafter referred to as "Plaintiff"), by and through its attorneys, Lennon, Murphy & Lennon, LLC, as and for its Verified Complaint against the Defendants, MARWARD SHIPPING COMPANY LIMITED. ("Marward"), LUMAR (ODESSA) S.A. ("Lumar Odessa"), and LUMAR BARCELONA SUCURSAL EN ESPANA ("Lumar Barcelona")(hereafter collectively referred to as "Defendants"), alleges, upon information and belief, as follows:

1. This is an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure and 28 United States Code § 1333.

2. At all times material to this action, Plaintiff was, and still is, a foreign corporation, or other business entity, organized under, and existing by virtue of foreign law and was at all material times the Owner of the motor vessel "THIA CHRYSSOULA."

3. Upon information and belief, Defendant Marward was, and still is, a foreign corporation, or other business entity, organized under, and existing by virtue of foreign law and was at all material times the Owner of the motor vessel "ATLANTIC DREAM."

4.  Upon information and belief, Defendant Lumar Odessa was, and still is, a foreign corporation, or other business entity, organized under, and existing by virtue of foreign law and was at all material times a manager of the "ATLANTIC DREAM."

5.  Upon information and belief, Defendant Lumar Barcelona was, and still is, a foreign corporation, or other business entity, organized under, and existing by virtue of foreign law and was at all material times a manager of the "ATLANTIC DREAM."

6.  By a charter party dated January 11, 2007, Plaintiff time-chartered the motor vessel "THIA CHRYSSOULA" to non-party Glorytrans International Ltd. at a rate of $25,000.00 per day.

7.  In addition, by a charter party dated February 12, 2007, Plaintiff contracted to time-charter the "THIA CHRYSSOULA" to non-party Atlas Shipping A/S immediately following the Glorytrans charter at a rate of $28,500.00 per day.

8.  Pursuant to the Glorytrans charter party, the "THIA CHRYSSOULA" began to discharge its cargo at Xingang on or about February 10, 2007.

9.  At 12:30 a.m. on February 15, 2007 immediately before completing discharge, the "THIA CHRYSSOULA" was struck by the "ATLANTIC DREAM."

10. The "THIA CHRYSSOULA" ultimately completed discharging at 1:00 a.m. on February 15, 2007.

11. Upon information and belief, the "ATLANTIC DREAM" is exclusively, or at least substantially liable for the incident.

12. As a result of the incident, the "THAI CHRYSSOULA" sustained damages to its structure and its departure was delayed.

13. The "THAI CHRYSSOULA" was booked to sail at 3:30 a.m. on February 15, 2007. However due to the incident, its sailing schedule had to be canceled to await the harbor master's investigation.

14. Furthermore, as a result of the incident, the "THAI CHRYSSOULA" was put off hire for 16 hours, which in turn delayed its delivery under the Atlas charter party.

15. A dispute arose between the parties regarding Defendants' failure to pay Plaintiff the damages resulting from the collision or otherwise secure Plaintiff's claim.

16. As a result of the incident, for which the Defendants Marward, Lumar Odessa and Lumar Barcelona, as Owners and managers of the "ATLANTIC DREAM" are exclusively or at least substantially responsible, Plaintiff has and will continue to suffer losses in the total principal sum of $33,190.00, exclusive of interest, costs, and reasonable attorney's fees.

17. Despite due demand, Defendants failed to pay the damages resulting from the collision or otherwise secure Plaintiff's claim.

18. Thus, Plaintiff is preparing to litigate its claims against the Defendants in England.

19. Interest, costs and attorneys' fees are routinely awarded to the prevailing party under English Law. As best as can now be estimated, Plaintiff expects to recover the following amounts under the final judgment and award of costs:

    A.    Principal claim:
| | |
|---|---|
| Damages to Vessel: | $10,000.00 |
| Loss of hire: | $18,050.00 |
| MDO Bunkers used while off-hire: | $1,140.00 |
| Berth Charges during delay: | $2,000.00 |
| Survey Costs: | $2,000.00 |

    B.    Estimated interest on claim:     $4,420.30
          2 years at 7.0% compounded quarterly

      C.      Estimated attorneys' fees and costs:      $18,000.00

**Total**      **$55,610.30**

20.    The Defendants cannot be found within this District within the meaning of Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure, but, upon information and belief, Defendants have, or will have during the pendency of this action, assets within this District and subject to the jurisdiction of this Court, held in the hands of garnishees within the District which are believed to be due and owing to the Defendants.

21.    The Plaintiff seeks an order from this Court directing the Clerk of Court to issue Process of Maritime Attachment and Garnishment pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims, attaching, *inter alia*, any assets of the Defendants held by any garnishees within the District for the purpose of obtaining personal jurisdiction over the Defendants and to secure the Plaintiff's claim as described above.

**WHEREFORE**, Plaintiff prays:

A.    That process in due form of law issue against the Defendants, citing them to appear and answer under oath all and singular the matters alleged in the Complaint failing which default judgment be entered against it;

B.    That since the Defendants cannot be found within this District pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims, this Court issue an Order directing the Clerk of Court to issue Process of Maritime Attachment and Garnishment pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims, attaching all goods, chattels, credits, letters of credit, bills of lading, effects, debts and monies, tangible or intangible, or any other funds up to the amount of **$55,610.30** belonging to, due or

being transferred to, from, or for the benefit of the Defendants, including but not limited to such property as may be held, received or transferred in Defendants' name(s) or as may be held, received or transferred for its benefit at, moving through, or within the possession, custody or control of banking/financial institutions and/or other institutions or such other garnishees to be named, and that all persons claiming any interest in the same be cited to appear and pursuant to Supplemental Admiralty Rule B answer the matters alleged in the Complaint;

C. That pursuant to 9 U.S.C. §§ 201 et. seq. this Court recognize and confirm any judgment rendered on the claims had herein as a Judgment of this Court;

D. That this Court retain jurisdiction over this matter through the entry of any judgment or award associated with any of the claims currently pending, or which may be initiated in the future, including any appeals thereof;

E. That this Court award Plaintiff the attorneys' fees and costs incurred in this action; and

F. That the Plaintiff has such other, further and different relief as the Court may deem just and proper.

Dated: New York, NY
June 8, 2007

> The Plaintiff,
> YALE SHIPPING COMPANY LIMITED
>
> By: _____
> Patrick F. Lennon (PL 2162)
> Nancy R. Peterson (NP 2871)
> LENNON, MURPHY & LENNON, LLC
> The Gray Bar Building
> 420 Lexington Ave., Suite 300
> New York, NY 10170
> (212) 490-6050
> facsimile (212) 490-6070
> nrp@lenmur.com
> pfl@lenmur.com

## ATTORNEY'S VERIFICATION

State of New York    )
                     )    ss.:    City of New York
County of New York   )

1. My name is Nancy R. Peterson.

2. I am over 18 years of age, of sound mind, capable of making this Verification, and fully competent to testify to all matters stated herein.

3. I am an attorney in the firm of Lennon, Murphy & Lennon, LLC attorneys for the Plaintiff.

4. I have read the foregoing Verified Complaint and know the contents thereof and believe the same to be true and accurate to the best of my knowledge, information and belief.

5. The reason why this Verification is being made by the deponent and not by the Plaintiff is that the Plaintiff is a business organization with no officers or directors now within this District.

6. The source of my knowledge and the grounds for my belief are the statements made, and the documents and information received from, the Plaintiff and agents and/or representatives of the Plaintiff.

7. I am authorized to make this Verification on behalf of the Plaintiff.

Dated:    New York, NY
          June 8, 2007

_____
Nancy R. Peterson